IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WAHIDULLAH SADAT,<br><br>       *Petitioner*,<br><br>   v.<br><br>PAMELA JO BONDI, *et al*,<br><br>       *Respondents*. | Civil Action No. 3:26-cv-577<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Afghanistan, is currently detained at Moshannon Valley Processing Center. He illegally entered the United States on or about January 3, 2025, and was detained. On February 5, 2025, he was paroled into the United States. Petitioner was taken into immigration custody on February 28, 2026. His removal proceedings remain ongoing, and he has not sought a bond hearing before an immigration judge. The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United

States.  *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at \*2 (D.N.J. Oct. 22, 2025).  The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.[1]  The Court disagrees with the decisions of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026).  Petitioner's detention is governed by § 1226(a) and the Court holds that he has a statutory right to an individualized bond hearing.

AND NOW, this 9th day of April 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.  Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.

---

[1] The Court disagrees with Respondents that Petitioner is subject to mandatory detention under § 1225(b) as an alien originally placed in expedited proceedings and then transferred to full proceedings after establishing a credible fear who remains ineligible for bond, as set forth in *Matter of M-S-*, 27 I. & N. Dec. 509 (BIA 2019).  (ECF No. 7, pp. 6-10).  There is no binding authority as to whether *M-S-* accurately interprets the relevant statutory provisions.  And the inescapable fact remains that Petitioner was released on bond in 2025, and has resided in the United States since then.  *M-S-* does not speak to the situation here where Petitioner was allowed to remain present in the United States before being re-detained.  The Court holds that *M-S-* does not support the conclusion that the Government can unilaterally re-detain an individual released on bond years later with no individualized bond hearing or demonstrated change in circumstances.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.  The Court lacks jurisdiction to enjoin Petitioner's transfer.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE